UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUCY CONCORDIA<br><br>       Plaintiff,<br>v.<br><br>RATCHFORD LAW GROUP, P.C.<br><br>       Defendant. | |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote and passed the Fair Debt Collection Practices Act to eliminate abusive debt collections practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      This action arises out of Defendant's illegal efforts to collect a consumer debt from Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION & VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1337 because this case arises under the laws of the United States and is brought pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq*.

4. Venue is proper in this Court because, pursuant to 28 U.S.C. § 1391(b), a substantial portion of the acts giving rise to this action occurred within the Commonwealth of Massachusetts.

## PARTIES

5. Plaintiff Lucy Concordia ("Ms. Concordia" or "Plaintiff") is a natural person residing in Worcester, Massachusetts

6. Defendant Ratchford Law Group ("Ratchford") is a foreign corporation organized under the laws of the State of Pennsylvania, and with a principal office located in Pennsylvania.

## COMMON FACTS

7. On or about December 26, 2017, Synchrony Bank ("Synchrony") filed a lawsuit against Ms. Concordia with the Worcester District Court, identified as C.A. No. 1762 CV 1698. (**Exhibit A**).

8. In that action, Synchrony alleged that Ms. Concordia owed it the sum of $9,043.96 relating to a credit card with an account number ending in 2634.

9. Ms. Concordia appeared in the action through counsel.

10. On or about November 20, 2018, a Judgment of Dismissal was entered in favor of Ms. Concordia and against Synchrony. (**Exhibit B**)

11. The judgment of dismissal was entered due to Synchrony's failure to appear at a pretrial conference on November 19, 2018.

12. Synchrony never appealed the judgment.

13. Synchrony never sought to vacate the judgment.

14. Pursuant to Mass. R. Civ. P. 41(b), the judgment operates as an adjudication upon the merits.

15. Pursuant to Mass. R. Civ. P. 60(c), Synchrony is now time-barred from seeking relief from the judgment.

16. On or about January 5, 2021, Ratchford Law Group, P.C. ("Ratchford") mailed Ms. Concordia a letter ("the Letter"). (**Exhibit C**).

17. The Letter stated that Ratchford had been retained by Synchrony to collect a debt owed to Synchrony in the amount of $9,043.96 relating to a credit card with an account number ending in 2634.

18. By sending the Letter, Ratchford was attempting to collect the debt alleged.

19. Upon receipt of the Letter Ms. Concordia retained counsel.

20. Ms. Concordia subsequently disputed the validity of the debt and requested validation of the same.

21. On or about March 15, 2021, Ratchford responded to this validation request.

22. Among other things, the documents provided by Ratchford in response to the validation request acknowledged the existence and/or dismissal of the 2017 lawsuit.

23. Ratchford regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. The principal purpose of Ratchford's business is the collection of debts.

25. Ratchford uses at least one instrumentality of interstate commerce or the mails in its business.

26. Ratchford is a "debt collector" as that term is defined in § 1692a of the Fair Debt Collection Practices Act ("FDCPA").

27. The debt owed by Ms. Concordia to Synchrony was incurred for personal, family, or household purposes.

28. The debt owed by Ms. Concordia to Synchrony was not incurred for business purposes.

29. Ms. Concordia suffered an injury in fact that is traceable to the acts and/or omissions of Ratchford, and which is likely to be redressed by a favorable decision in this matter.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

30. The preceding actions are incorporated herein by reference.

31. Pursuant to 15 U.S.C. § 1692e(2) Ratchford is prohibited from falsely representing the character, amount, or legal status of a debt.

32. Pursuant to 15 U.S.C. § 1692e(5) Ratchford is prohibited from taking or threatening to take any action that cannot be legally taken.

33. Ratchford violated 15 U.S.C. §§ 1692e(2) and/or (5) by attempting to collect the debt allegedly owed by Ms. Concordia to Synchrony, where judgment had already entered in favor of Ms. Concordia and the deadline to seek relief from such judgment had expired.

34. Ms. Concordia suffered economic damages due to Ratchford's wrongful actions, including but not limited to costs and attorney's fees.

35. Ms. Concordia also suffered non-economic damages due to Ratchford's wrongful actions, including but not limited to emotional distress, an invasion of personal privacy, anger, anxiety, fear, frustration, embarrassment, distraction, and inconvenience.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Concordia requests that the Court issue judgment in her favor and against Ratchford as well as the following relief:

A. Judgment that Ratchford violated the Fair Debt Collection Practices Act;

B. Actual and compensatory damages;

C. Statutory damages;

D. Costs and attorney's fees; and

E. All other relief to which she is entitled at law or equity.

## JURY DEMAND

Ms. Concordia demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Christopher M. Brine*
Christopher M. Brine (BBO 679289)
Brine Consumer Law
100 Grove Street, Suite 116
Worcester, MA 01605
P – (508) 556-1899
F – (508) 556-9951
cmb@brineconsumerlaw.com



COMMONWEALTH OF MASSACHUSETTS

WORCESTER , ss.
                                          COURT DEPARTMENT
                                          WORCESTER DIVISION
                                          CIVIL ACTION NO.

SYNCHRONY BANK
Plaintiff

vs.                                                         COMPLAINT

LUCY CONCORDIA A/K/A LUCY M CONCORDIA
Defendant

1. Synchrony Bank is an FDIC insured bank with a usual place of business at 170 ELECTION RD STE 125 DRAPER UT 84020.

2. The Defendant, LUCY CONCORDIA A/K/A LUCY M CONCORDIA is an individual of legal age presently residing at 55 CARTER RD  WORCESTER
WORCESTER County, Massachusetts 01609

3. On or before FEBRUARY 21,2017 the Defendant became indebted to the Plaintiff in the sum of $9,043.96 for charges and/or cash advances incurred on Defendant's credit account XXXXXXXXXXXX2634.
The date of last payment is 10/14/16 and the amount of last payment is 300.00.

4. Despite demand on or before MAY 09,2017 the balance of $9,043.96 remains wholly unpaid and the Defendant has failed and continues to fail to make payment.

WHEREFORE, the Plaintiff demands judgment under this count for $9,043.96 together with costs. Plaintiff waives it right to seek pre-judgment interest

PLAINTIFF

By _____
Grace M. Calamita, Atty 565885
Karen J. Wisniowski, Atty 633018
Dana Skehan, Atty 680359
LAW OFFICES HOWARD LEE SCHIFF, PC
PO Box 280245
East Hartford, CT 06128-0245
(866) 234-7606
Its Attorneys
hlschiffpc@hlschiffpc.com
✓Harry J. Theodoss, 630380

Dated: December 19 2017

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>1762CV001698-EF | Trial Court of Massachusetts<br>District Court Department<br>Civil Session |
|---|---|---|
| CASE NAME<br>Synchrony Bank v. Lucy Concordia A/K/A Lucy M Concordia | | |
| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Synchrony Bank | | COURT NAME & ADDRESS<br>Worcester District Court<br>225 Main Street<br>Worcester, MA 01608 |
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Lucy Concordia A/K/A Lucy M Concordia | | NEXT COURT EVENT (IF ANY)<br>**No Future Event Scheduled** |
| ATTORNEY (OR PRO SE PARTY) TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>Christopher Brine, Esq.<br>Brine Consumer Law<br>100 Grove St<br>Suite 210<br>Worcester, MA 01605 | | FURTHER ORDERS OF THE COURT |

EXHIBIT B

## JUDGMENT OF DISMISSAL

On the above action, after plaintiff(s) failed to appear, it is hereby ORDERED AND ADJUDGED by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) named above take nothing (Hon. Paul F LoConto).

## NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| DATE JUDGMENT ENTERED<br>11/20/2018 | CLERK-MAGISTRATE/ASST. CLERK<br>X /s/ | |
|---|---|---|
| 006 | www.mass.gov/courts | Date/Time Printed: 11-20-2018 15:59:39 |

# R|L|G

**RATCHFORD LAW GROUP, P.C.**
www.ratchfordlawgroup.com

54 Glenmaura National Blvd. Suite 104
Moosic, PA 18507
(P) 800-503-1665  (F) 570-558-5511

<u>OFFICE HOURS (E.S.T.)</u>:
Monday to Thursday 8:00AM -6:00PM
Friday  8:00AM – 5:00PM

Michael F. Ratchford
Erin M. Reczek*
Kate E. Conley**
* Licensed in MA, ME, NH, & VT
**Licensed in ME & NH



EXHIBIT C

January 5, 2021

LUCY CONCORDIA
55 CARTER RD
WORCESTER MA 01609-1037

RE:   Our File #: T2003079
Creditor: Synchrony Bank
RE: Sam's Club MC
Account Number: ************2634
Current Balance: $9,043.96

Dear LUCY CONCORDIA:

Please be advised that this office has been retained by Synchrony Bank to collect the above identified account. The purpose of this letter is to inform you of your rights pursuant to the Fair Debt Collection Practices Act.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you send a written request within the 30 day period, this office will provide you with verification of debt, including the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

Massachusetts residents may contact our office by telephone at 1-800-503-1665 during the offices hours stated above.  The business address is 54 Glenmaura Blvd. Suite 104, Moosic, PA 18507. Massachusetts Law requires that we inform you:

(continued to page 2)



*(continued from page 1)*

## NOTICE OF IMPORTANT RIGHTS OF MASSACHUSETTS RESIDENTS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days, unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

Erin M. Reczek, Esq